UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN P. HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:09cv405 |
| | ) |
| THE HONORABLE GEORGE PABEY, | ) |
| MAYOR OF THE CITY OF EAST | ) |
| CHICAGO, THE CITY OF EAST | ) |
| CHICAGO, FRANCISCO ROSADA, JR., | ) |
| FORMER DIRECTOR OF THE EAST | ) |
| CHICAGO TRANSIT SERVICE, THE | ) |
| EAST CHICAGO TRANSIT SERVICE, | ) |
| and JOANNE HARRIS, EAST CHICAGO | ) |
| TRANSIT OPERATOR, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by all of the defendants in this case on July 14, 2010. The plaintiff, John P. Hamilton ("Hamilton"), proceeding pro se, filed his response on August 13, 2010, to which the defendants replied on September 3, 2010.

For the following reasons, the motion for summary judgment will be granted.

Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must consider the evidence as a jury might, "construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true." Shepherd v. Slater Steels Corp., 168 F.3d 998, 1009 (7th Cir. 1999); see also Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often-stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) .

## Discussion

In his complaint filed pursuant to 42 U.S.C. § 1983, Hamilton alleges that he was denied the "liberty" of public transportation when an East Chicago bus driver, defendant Joanne Harris, called the police for assistance. Hamilton further alleges that Harris gave false statements to the police, thereby defaming Hamilton, and libeling him when her statements were published in an East Chicago Police Department report. Hamilton further alleges that Harris violated his right to due process of law, that he was deprived of his first amendment right to free speech, that Harris conspired to deprive him of his civil rights to be safe and secure in his person, property and personal effects, that Harris deprived him of his fourth amendment constitutional rights, and that she engaged in a conspiracy to deprive Hamilton of his civil rights out of malice because he exercised his first amendment right to free speech. Although the Complaint is not completely clear, it appears that Hamilton had filed administrative complaints against Harris in her capacity

as a bus driver, and she then refused to accept him as a passenger on her bus. When Hamilton boarded her bus over her objections, the police were contacted and Hamilton was removed from the bus. Hamilton further alleges that when he asked the police officers for their badge numbers he was arrested for disorderly conduct.

The defendants first argue that defendants Mayor George Pabey, Francisco Rosado, Jr., Joanne Harris, and the East Chicago Transit Service are entitled to summary judgment because they were sued in their official capacities, and thus the suit is in actuality a suit against the City of East Chicago. The defendants state that Pabey, Rosado and Harris are employees of the City of East Chicago and the East Chicago Transit Service is a subdivision of the City of East Chicago. See Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008); Comer v. Hous. Auth. of City of Gary, Ind., 615 F. Supp.2d 785, 789-90 (N.D. Ind. 2009).

In his response to the motion for summary judgment, Hamilton does not contest the assertion that he is suing Pabey, Rosado and Harris in their official capacities. He merely states that he "named each defendant's job title because that is what the civil suit form requests when filling it out." He also does not deny that the East Chicago Transit Service is a subdivision of the City of East Chicago. As the defendants are correct that suing City employees (or subdivisions) in their official capacities is the same as suing the City itself, the motion will be granted with respect to these four defendants.

The defendants also contend that summary judgment should be granted in favor of the City of East Chicago because 42 U.S.C. § 1983 does not recognize respondeat superior. Thus, in order to prevail against the City, Hamilton must prove that he suffered constitutional injuries as a result of a municipal policy or custom. Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194,

201-02 (7th Cir. 1985; Monell v. Dept. of Social Servs of the City of New York, 436 U.S. 658, 690-91 (1978). Local governments "should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights." City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988). A plaintiff seeking to find a municipality liable under § 1983 must also establish a causal nexus between his injury and the municipality's alleged policy or custom. Monell, 436 U.S. at 693-94.

A municipality can be said to have violated the civil rights of a person because of its policy where: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom of usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." McGreal v. Ostrov, 368 F.3d 657, 684 (7th Cir. 2004). The Seventh Circuit has held that even if a policy is sufficiently alleged, it is not enough for a plaintiff to allege one specific, isolated violation of that policy. To the contrary, to establish a municipal policy or custom, a plaintiff "must allege a specific pattern or series of incidents that support the general allegation of a custom or policy. . . ." Henry v. Farmer City State Bank, 808 F.2d 1228, 1237 (7th Cir. 1986).

In his response, Hamilton has not addressed the issue of municipal liability. Nor has he presented any evidence which would tend to show that the City of East Chicago had a widespread policy or custom in place which caused the alleged constitutional violations. Accordingly, summary judgment will be granted in favor of the City of East Chicago.

<u>Conclusion</u>

Based on the foregoing, the defendants motion for summary judgment [DE 32] is hereby GRANTED.

Entered: October 7, 2010.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court